BRAUN v. COUNTY OF WAYNE.

1. HIGHWAYS AND STREETS—BOARD OF COUNTY ROAD COMMISSIONERS —DUTIES.

A board of county road commissioners has the duty of keeping a highway under its control in reasonable repair so that it shall be reasonably safe and convenient for public travel (1 Comp. Laws 1929, § 3996).

2. SAME—CONSTRUCTION AND MAINTENANCE—GOVERNMENTAL FUNCTION—IMMUNITY FROM LIABILITY.

The construction and maintenance of public highways is the discharge of a governmental function for the improper discharge of which no liability exists except as created by statute.

3. COURTS—JURISDICTION—ACTION AGAINST STATE OR COUNTY—CONSENT.

> The rule that terms of the State's consent to be sued in any court define that court's jurisdiction to entertain the suit applies equally well to actions against counties engaged in the discharge of governmental functions.

4. HIGHWAYS AND STREETS—PERSONAL INJURIES—DEFECTIVE HIGHWAYS—ALTERNATIVE METHODS OF PRESENTING CLAIMS.

> Claimants for damages against a county for injuries sustained when married woman fell into an uncovered catch basin while walking in the nighttime along shoulder of road under the jurisdiction of the board of county road commissioners had alternative of having claim adjudicated either by serving of written notice of claim against such board upon county clerk or his deputy within 60 days after injury or by presenting claim against county's board of auditors and appealing from its disallowance within 20 days thereafter (1 Comp. Laws 1929, § 1186 *et seq.;* § 3996).

5. SAME—DEFECTIVE HIGHWAYS—PRESENTATION OF CLAIMS FOR INJURIES.

> Claimants against county for damages for personal injuries received by married woman when she fell into an uncovered catch basin while walking in nighttime on county highway, who first belatedly presented claims to board of county road commissioners who referred it to board of county auditors which, in turn, denied claims upon advice of prosecuting attorney, are inferred to have proceeded by appeal from such disallowance, an appeal which must be taken within 20 days (1 Comp. Laws 1929, § 1186 *et seq.;* § 3996).

6. SAME—DEFECTIVE HIGHWAYS—SERVICE OF NOTICE OF CLAIM—COUNTY CLERK.

> The mandatory statutory requirement as to notice by one seeking to recover damages from a county for injuries received because of defective highways that service be made upon county clerk was not complied with by serving board of county road commissioners even though the county clerk is its clerk (1 Comp. Laws 1929, § 3996).

7. SAME—PRESENTATION OF CLAIMS—NOTICE—TIMELY APPEAL TO CIRCUIT COURT.

> Claimants against county for damages for injuries to a married woman, received when she fell into an uncovered catch basin while walking in the nighttime on a county highway, who

failed to comply with mandatory statutory requirements as to notice in order to recover from board of county road commissioners and who failed to appeal to circuit court from denial of claim by board of county auditors within time permitted by statute, may not recover damages (1 Comp. Laws 1929, § 1186 *et seq.*; § 3996).

Appeal from Wayne; Moll (Lester S.), J. Submitted October 6, 1942. (Docket Nos. 4, 5, Calendar Nos. 42,000, 42,001.) Decided November 25, 1942.

Separate actions of case by Fred and Clara Braun against County of Wayne for injuries sustained by Clara Braun in falling into a catch basin while walking on a county road. Judgment for defendant. Cases consolidated. Plaintiffs appeal. Affirmed.

*Harry N. Grossman,* for plaintiffs.

*William E. Dowling,* Prosecuting Attorney, and *Samuel Brezner* and *Helen W. Miller,* Assistant Prosecuting Attorneys, for defendant.

BUSHNELL, J. On September 2, 1940, at about 10:15 p. m., plaintiff Clara Braun fell into an uncovered catch basin while walking on the south shoulder of West Seven Mile road, in the city of Detroit. She and her husband, Fred Braun, brought separate actions against defendant county of Wayne for damages resulting from this accident.

Plaintiffs' claims were presented to the board of road commissioners of the county of Wayne on September 6, 1940. The claims were referred to the board of county auditors and, after consideration by that board on September 9th, they were sent to the prosecuting attorney for a legal opinion. Subsequently plaintiffs were advised by the prosecuting

attorney's office that the county was not liable and the claims were denied by the county auditors in October of 1940. No appeals were taken from the disallowance and the instant actions were not commenced until July 10, 1941.

Defendant moved to dismiss both actions on the ground that plaintiffs had not complied with the requirements of 1 Comp. Laws 1929, § 3996 (Stat. Ann. § 9.121), by serving a notice in writing upon the county clerk or deputy county clerk within 60 days after the accident.

The trial judge held that plaintiffs' failure to serve such notice upon the county clerk was a fatal jurisdictional defect. Plaintiffs appealed from the orders dismissing their declarations and have consolidated their causes for the purpose of appeal.

That part of West Seven Mile road on which Clara Braun's accident occurred, although within the city of Detroit, is under the supervision and control of the board of road commissioners of the county of Wayne. See 1 Comp. Laws 1929, § 3993, as amended by Act No. 290, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 3993, Stat. Ann. 1942 Cum. Supp. § 9.118). There is imposed on the board of road commissioners the duty of keeping this road "in reasonable repair" so that it shall be "reasonably safe and convenient for public travel." 1 Comp. Laws 1929, § 3996.

"That the construction and maintenance of public highways is the discharge of a governmental function, for the improper discharge of which no liability exists except as created by statute, is the settled law of this State (*Gunther* v. *Cheboygan County Road Commissioners*, 225 Mich. 619), where the authorities are reviewed at length." *Longstreet* v. *County of Mecosta*, 228 Mich. 542, 551.

The rule stated in *Manion* v. *State of Michigan, ante,* 1, that "the terms of the State's consent to be sued in any court define that court's jurisdiction to entertain the suit" applies equally well to actions against counties engaged in the discharge of governmental functions.

Plaintiffs had the choice of one of two methods of having their claims against the county adjudicated. Suit could have been brought against the county provided that the county clerk or deputy county clerk was served within 60 days after the accident with the notice required by the statute. This statute (1 Comp. Laws 1929, § 3996) upon which plaintiffs' declarations are based, specifically provides:

"That no county, subject to any liability under this section, shall be liable for damages sustained by any person upon any county road, either to his person or property, by reason of any defective county road, bridge or culvert under the jurisdiction of the board of county road commissioners, unless such person shall serve or cause to be served within sixty days after such injury shall have occurred, a notice in writing upon the county clerk or deputy county clerk of such county, which notice shall set forth substantially the time when and place where such injury took place, the manner in which it occurred, and the extent of such injuries as far as the same has become known, the names of the witnesses to said accident, if any, and that the person receiving such injury intends to hold such county liable for such damages as may have been sustained by him."

The other method was by presenting their claims to the board of county auditors as provided in 1 Comp. Laws 1929, § 1186 *et seq.* (Stat. Ann. § 5.521 *et seq.*), and appealing to the circuit court within 20

days after any disallowance.   Section 1187 (Stat. Ann. § 5.522) provides in part:

"That no appeal shall be allowed, unless such claimant shall have appeared before the said board and presented evidence or shall have attached an affidavit in support of such claim. .The appeal herein authorized shall be of no force or effect, unless there is filed with the county clerk at the same time the notice of appeal is served a bond of two hundred dollars running to the county with sufficient surety, to be approved by the county clerk, conditioned for the faithful prosecution of such appeal and the payment of all costs that may be adjudged against the appellant."

According to their declarations plaintiffs proceeded under the first method and, when met with their failure to serve notice, took the position that consideration of their claims by the board of auditors was a waiver by the county of this requirement. In addition, they also argue that service of notice upon the board of road commissioners, whose clerk is the county clerk, was, in effect, service of such notice upon the county clerk.

Plaintiffs' theory of waiver must be based upon the consideration of their claim by the board of auditors.   This argument requires the inference that plaintiffs are proceeding under the second statutory method.   If that be the case, plaintiffs' remedy from a disallowance of their claims by the board of auditors was an appeal within 20 days to the circuit court.

The statutory requirement that notice be served upon the county clerk is not satisfied when such notice is served upon the county board of road commissioners, even though the county clerk is its clerk.

The county clerk is also required by law to be the clerk of the board of supervisors, of the election commission, of the board of canvassers, of the sinking fund commission, and of the circuit court. This statutory requirement is mandatory, and the notice should have been served upon the county clerk or deputy county clerk. As to the relationship between the clerk of Wayne county and board of road commissioners of Wayne county, see *Wayne County Board of Road Commissioners* v. *Wayne County Clerk*, 293 Mich. 229.

If plaintiffs sought recovery by suit under the first method, this action must fall because of their failure to serve the required statutory notice. If they sought recovery under the second method by presenting their claims to the board of auditors, this action also must fall because of their failure to appeal within 20 days after the disallowance of the claims. Plaintiffs have not wholly pursued either method and cannot be permitted to combine procedural steps of both methods.

The orders dismissing plaintiffs' declarations are affirmed, with costs to appellee.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.