BOSTER *v.* COUNTY OF WAYNE.

1. COUNTIES—DISALLOWANCE OF CLAIMS—APPEAL TO CIRCUIT COURT.
   Pursuant to constitutional and statutory provisions appeal from the disallowance of a claim against a county by its board of county auditors may be taken to the circuit court within 20 days (Const. 1908, art. 8, § 9; 1 Comp. Laws 1929, § 1187).

2. SAME—APPEAL FROM DISALLOWANCE OF CLAIM—TIME.
   A claimant against a county who fails to appeal from the disallowance of his claim within the time limited loses his right to recover on appeal in the circuit court (Const. 1908, art. 8, § 9; 1 Comp. Laws 1929, § 1187).

3. SAME—CIRCUIT COURT COMMISSIONER'S CLERK—SALARY CLAIM—FAILURE TO APPEAL—TIME.
   Where plaintiff filed a claim against the county of Wayne for salary as circuit court commissioner's clerk while he was allegedly illegally prevented from performing the duties of the office although ready, able and willing to do so, without attaching to his claim an affidavit in support thereof or appearing before the board of auditors and presenting evidence, such claim was denied, no appeal taken, a second identical claim with supporting affidavit attached thereafter filed over two months later and no action taken thereon, defendant's motion to dismiss appeal should have been granted, since no appeal from only action taken was filed within 20 days (Const. 1908, art. 8, § 9; 1 Comp. Laws 1929, § 1187).

Appeal from Wayne; Webster (Arthur J.), J. Submitted January 7, 1944. (Docket No. 93, Calendar No. 42,558.) Decided April 4, 1944. Rehearing denied May 17, 1944.

Claim by Floyd M. Boster against County of Wayne filed with Board of County Auditors. Claim

denied.  Plaintiff appealed to circuit court.  Judgment for plaintiff.  Defendant appeals.  Reversed and remanded for entry of order dismissing appeal.

*Francis K. Young,* for plaintiff.

*William E. Dowling,* Prosecuting Attorney, and *Samuel Brezner* and *Helen W. Miller,* Assistant Prosecuting Attorneys, for defendant.

BOYLES, J.  The essential question in this case is whether plaintiff is entitled to recover $1,646.69 from the county of Wayne as compensation for circuit court commissioner's clerk from July 16, 1941, to March 23, 1942.  Plaintiff claims he was ready, able and willing to perform the duties during that period of time but was illegally prevented from doing so— that he was unlawfully ousted from that position.  Certain preliminary questions are raised as to the jurisdiction of the circuit court to hear plaintiff's appeal from the action of the board of county auditors, and these questions must be settled before the essential issue can be reached.

The controversy arises out of the contest between Arthur W. Sempliner and Frank FitzGerald as to which one was the legal incumbent of the office of circuit court commissioner for Wayne county.  In quo warranto proceedings this court held that Fitz-Gerald was entitled to the office for the balance of the term ending December 31, 1942.  *Sempliner v. FitzGerald,* 300 Mich. 537.  The somewhat complicated circumstances out of which the present controversy arises are as follows:

In January, 1937, plaintiff was appointed clerk to George B. Murphy, circuit court commissioner.  When FitzGerald succeeded Murphy, January 2, 1941, plaintiff continued to act as his clerk.  On June 23, 1941, Sempliner took office as circuit court

commissioner when FitzGerald was ousted by the Wayne circuit court. Immediately the board of county auditors replaced plaintiff with another clerk upon recommendation of Sempliner, and the appointee went on the county payroll certified by the circuit court commissioners and approved for payment by the board of county auditors. Plaintiff continued to present himself for duty, claiming that Sempliner had no lawful authority. In February, 1942, when this court in *Sempliner* v. *FitzGerald, supra,* held that FitzGerald had the right to the office, FitzGerald replaced Sempliner. Thereafter plaintiff filed a claim with the board of county auditors for $1,646.69 representing his salary between July 16, 1941, and March 23, 1942, the period when he was not on the payroll. The board of auditors denied this claim and sent notice of the denial to plaintiff on May 19, 1942. No appeal was taken from this denial. On August 8, 1942, plaintiff again filed the same identical claim with the board of auditors, which was referred to the prosecuting attorney, and thereupon that officer advised the board of auditors that the denial of plaintiff's claim on May 19, 1942, was final since no appeal had been taken. No action was taken by the board of auditors on this second claim, whereupon the plaintiff filed a claim of appeal in the Wayne circuit court, claiming an appeal from a decision of the board of county auditors on *August 18, 1942,* although no decision had been made on that date. The decision was made May 19, 1942. The proceedings were all certified and returned to the court by the board of auditors and the defendant county of Wayne filed a motion in the circuit court to dismiss plaintiff's appeal on the ground that the board of auditors had taken no action with reference to plaintiff's second claim, on which plaintiff could base an appeal, and that therefore there was nothing

at that time from which an appeal could be taken. The court denied the motion. Thereupon the county filed another motion to dismiss the plaintiff's claim and his declaration on the ground that the matters were *res judicata* by reason of the denial of plaintiff's claim on May 19, 1942, from which no appeal had been taken. This motion was denied, the defendant Wayne county filed an answer reserving its rights under the motions and pleaded former adjudication as a special defense. Plaintiff replied asserting that his discharge was illegal, the cause came on for hearing, and the trial court decided that plaintiff was entitled to recover his salary between the date he was removed from the payroll, July 16, 1941, and January 1, 1942. The decision was based on Act No. 392, Local Acts 1891, in which the term of the clerk of each circuit court commissioner is fixed at one year dating from January 1st in each year. From the judgment entered for plaintiff, the county appeals, claiming that the circuit court erred in refusing to dismiss the plaintiff's appeal from the decision of the board of auditors to the circuit court, and that the original denial of plaintiff's claim by the board of auditors was *res judicata,* not having been appealed from.

The preliminary questions raised here for determination are (1) Whether plaintiff could take an appeal to the circuit court from the failure of the board of auditors to consider his second claim on which no order was made; (2) was the denial of his claim on May 19, 1942, *res judicata?* These questions were appropriately raised in the court below and are again raised here.

According to the record, plaintiff's claim was filed with the board of county auditors March 28, 1942. The board met in session on April 3, 1942, and by formal action referred plaintiff's claim to

the prosecuting attorney for an opinion. On May 19, 1942, the board met in session and received the written opinion of the prosecuting attorney "that the claim is wholly without merit, and it is, accordingly, recommended that the same be denied in its entirety." The board of auditors thereupon, on May 19, 1942, took formal action denying the claim. It is conceded that no appeal was taken from this action of the board.

Article 8, § 9, Const. 1908, provides as follows:

"The boards of supervisors shall have exclusive power to fix the salaries and compensation of all county officials not otherwise provided for by law. The boards of supervisors, or in counties having county auditors, such auditors, shall adjust all claims against their respective counties; appeals may be taken from such decisions of the boards of supervisors or auditors to the circuit court in such manner as shall be prescribed by law."

Under this provision, an appeal lies to the circuit court from the action of the board of county auditors in disallowing a claim. *Chapman* v. *Muskegon County Supervisors,* 169 Mich. 10; *Braun* v. *County of Wayne,* 303 Mich. 454. The manner prescribed by law for taking the appeal is set out by statute (1 Comp. Laws 1929, § 1187 [Stat. Ann. § 5.522]) as follows:

"When the claim of any person, firm or corporation against a county shall be disallowed in whole or in part by the board of supervisors or board of county auditors, such person, firm or corporation may appeal from the decision of such board to the circuit court for the same county, by causing a written notice of such appeal to be served on the county clerk within twenty days after such disallowance: *Provided,* That no appeal shall be allowed, unless such claimant shall have appeared before the said board and presented evidence or shall have attached an

affidavit in support of such claim. The appeal herein authorized shall be of no force or effect, unless there is filed with the county clerk at the same time the notice of appeal is served a bond of two hundred dollars running to the county with sufficient surety, to be approved by the county clerk, conditioned for the faithful prosecution of such appeal and the payment of all costs that may be adjudged against the appellant.''

By failure to appeal within 20 days from the disallowance of a claim by the board of county auditors, the claimant loses the right to seek recovery on appeal in the circuit court. *Braun* v. *County of Wayne, supra.*

Plaintiff later became aware that he had not laid a proper foundation for an appeal when his claim was filed with and heard by the board of county auditors. He had not attached an affidavit in support of his claim, nor had he appeared before the board and presented evidence. In an effort to preserve a right to appeal, he subsequently (August 8, 1942) filed a second identical claim with the board, except that it was verified by affidavit. The board referred the matter to the prosecuting attorney who reported to the board:

''Mr. Boster has had one adjudication by the board of auditors upon the merits of his claim. If he is dissatisfied, he should have taken an appeal within the time allowed by law. Having failed to do so, he is bound by your action, and the repeated filing of the same claim does not circumvent the finality of your decision. We reiterate, your earlier determination leaves nothing further to consider.''

Acting on this advice the board of county auditors took no further action in the matter. On August 28th plaintiff filed a claim of appeal in the circuit court. The only action of the board from which he could appeal was that disallowing his claim on May

19th. Not having taken an appeal within 20 days thereafter, his attempted appeal failed to confer jurisdiction on the circuit court and defendant's motion to dismiss should have been granted.

Reversed and remanded for entry of an order dismissing the appeal.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSH-NELL, SHARPE, and REID, JJ., concurred.