SCHOOL DISTRICT OF THE CITY OF BENTON HARBOR
v. STATE TENURE COMMISSION.

1. Injunction—Adequacy of Remedy at Law.

School district's bill of complaint seeking to enjoin State tenure commission from hearing a tenure teacher's petition because the teacher had voluntarily quit his position was properly *held*, not to have conferred jurisdiction on the circuit court to make determination of the rights of the parties, there being an adequate remedy at law of which plaintiff is presently availing itself (CLS 1956, § 24.108).

2. Administrative Law—Equity—Adequacy of Remedy at Law.

Provision of administrative procedure act wherein it was stated that resort might be had "to other means of review, redress, relief or trial *de novo*, provided by law" neither diminished nor extended the jurisdiction of equity to adjudicate rights of parties involved in a proceeding in which an administrative agency has power to function (CLS 1956, § 24.108).

3. Costs—Schools and School Districts—State Tenure Commission—Tenure Teacher.

No costs are allowed on appeal in school district's suit to enjoin State tenure commission from hearing petition of tenure teacher.

Appeal from Berrien; Zick (Karl F.), J. Submitted November 6, 1963. (Calendar No. 55, Docket No. 50,239.) Decided February 3, 1964.

Bill by the School District of the City of Benton Harbor, a Michigan school district, against the

References for Points in Headnotes

[1] 28 Am Jur, Injunctions § 38 *et seq.*
[2] 2 Am Jur 2d, Administrative Law § 780.
[3] 14 Am Jur, Costs § 37.

Michigan State Tenure Commission and Hugh M. Kahler to enjoin hearing on a tenure teacher petition. Bill dismissed. Plaintiff appeals. Affirmed.

*Small & Shaffer (Robert P. Small,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene Krasicky,* Assistant Attorney General, for defendant Tenure Commission.

*Robert S. Feldman,* for defendant Kahler.

BLACK, J.   November 16, 1962, the defendant schoolteacher, Hugh M. Kahler, "feeling completely frustrated, humiliated, and upset," allegedly on account of a disciplinary problem concerning one of his students and an unrelated reprimand by the assistant superintendent, left the school premises 3 hours ahead of time. Upon leaving he turned over, to a fellow teacher, his classbook and keys. Two days later Mr. Kahler called his acting principal, apologized, and indicated his willingness to return to work the next morning. He was advised to get in touch with the assistant superintendent. Upon doing so was informed that his actions were considered "a quit" and that he was no longer a teacher-employee.

December 7, 1962, after other attempts at reinstatement had failed, Mr. Kahler demanded that written charges be made against him with "open" hearing thereof by the board of education of the plaintiff school district. Such demand was denied. On the same day, and in anticipation of denial, Mr. Kahler filed a "Tenure Teacher Petition for Hearing and Appeal" with the defendant tenure commission. The petition was based upon an alleged

decision by the board of education, said to have been made November 26, 1962.

December 12, 1962, the plaintiff school district filed a special appearance with the tenure commission, alleging that the commission was without jurisdiction since Mr. Kahler had forfeited his right of tenure by a voluntary quit. The commission thereupon set date of December 21, 1962, for hearing on Mr. Kahler's said petition.

December 18, 1962, the plaintiff school district filed this bill in the Berrien circuit, seeking to enjoin the tenure commission from proceeding with Mr. Kahler's petition.

December 18, 1962, Judge Zick granted plaintiff a temporary injunction. December 19, 1962, defendant Kahler filed motion to dismiss. Hearing on the motion was conducted December 20, 1962. On authority of *Royal Oak School District* v. *State Tenure Commission,* 367 Mich 689, the judge ordered dismissal of the bill. He ruled:

"This court is without jurisdiction, there is also this point of irreparable injury. The remedies have not been exhausted yet. If it develops that Kahler quit wrongfully and in violation of the statute, then the tenure commission hears that and the school district will win the litigation."

The plaintiff school district has appealed. Its contention is fairly presented by this summary:

"This case presents a proper situation for the exercise of equitable jurisdiction for the reason the tenure commission was committing and threatened to commit unlawful and arbitrary actions in holding a hearing on appellee Kahler's petition. for an original hearing beyond its statutory authority and in total disregard of statutory procedure."

During oral argument it developed that the tenure commission had rendered decision April 23, 1963, on the petition. The decision concluded:

"This case illustrates an unfortunate breakdown in communications between administration and faculty. The whole incident might have been prevented by a more mature attitude on the part of the parties involved.

"There is no question but that Mr. Kahler was wrong in leaving his classroom and responsibilities in the manner in which he did and might be subject to disciplinary action for so doing.

"It is the finding of the commission, however, that he did not as a matter of fact quit and is, therefore, entitled to those rights he has under the tenure act.

"It is, therefore, the ruling of the tenure commission that the appellant be reinstated with back pay. By so ruling, the tenure commission denies the appellees motion to dismiss and rules that it does have jurisdiction to hear the matters in question in this case."

The school district and the school board thereupon filed, in the Ingham circuit, a claim of appeal from the commission's decision aforesaid. We gather, from the "claim of appeal" thus filed, that it was taken under section 8 of the administrative procedure act of 1952 (CLS 1956, § 24.101 *et seq.* [Stat Ann 1961 Rev § 3.560(21.1) *et seq.*]). That appeal awaits decision in the Ingham circuit.

Judge Zick ruled correctly that the plaintiff's bill failed to confer jurisdiction of the subject matter upon the circuit court. The *Royal Oak School District Case, supra,* upon which Judge Zick relied, is controlling. Moreover, it is clear that the plaintiff had and yet has an adequate remedy at law, a remedy of which it has availed itself and may yet pursue to ultimate legal end in the manner provided by the act of 1952.

The following proviso, appearing in section 8 of the act of 1952 (CLS 1956, § 24.108 [Stat Ann 1961 Rev § 3.560(21.8)]) has been called to attention:

"but nothing in this section shall be deemed to prevent resort to other means of review, redress, relief or trial *de novo,* provided by law."

Such proviso neither diminishes nor extends the jurisdiction of equity. When a party is aggrieved by the decision of an "agency" (see "agency" defined in section 1 of the act of 1952), his remedy does not lie within the jurisprudence of equity unless he is able to plead with required conclusions of fact that there is a want or at least an inadequacy of remedy at law. There is no hint of such pleading in this bill. There hardly could be in view of the fact that plaintiff has appealed under said section 8 and waits now for a circuit court decision which will be determinative of the subject matter of the bill which Judge Zick dismissed.

Decree dismissing bill affirmed. As in the *Royal Oak Case,* no costs are awarded.

Kavanagh, C. J., and Dethmers, Kelly, Souris, Smith, and O'Hara, JJ., concurred.

Adams, J., took no part in the decision of this case.