NELLES *v.* SUPERINTENDENT OF PUBLIC INSTRUCTION.

1. ADMINISTRATIVE LAW AND PROCEDURE—AGENCY—STATUTES.

The superintendent of public instruction entrusted with the administration of the psychologist registration act, is an "agency" within the terms of the administrative procedures act (CLS 1961, §§ 24.101 *et seq.*, 338.1001 *et seq.*).

2. LICENSES—PSYCHOLOGIST—PRIVILEGE.

The practice of psychology is a privilege which may be licensed by the State pursuant to its police power (CLS 1961, § 338.1001 *et seq.*).

3. SAME—PSYCHOLOGIST—ADMINISTRATIVE PROCEDURES ACT.

A proceeding to obtain a license for the practice of psychology is a contested case within the meaning of the administrative procedures act (CLS 1961, §§ 24.101[3], 338.1001 *et seq.*).

--------

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 1 Am Jur 2d, Administrative Law §§ 140, 141; 2 Am Jur 2d, Administrative Law § 204.
[2, 7–9] 41 Am Jur, Physicians and Surgeons § 17.
   Validity of legislation regulating, licensing, or prescribing for certification of psychologists. 81 ALR2d 791.
[5] 2 Am Jur 2d, Administrative Law § 780.
[6] 2 Am Jur 2d, Administrative Law § 718.
[10] 16 Am Jur 2d, Constitutional Law § 552.
[11] 5 Am Jur 2d, Appeal and Error § 1009.

4. ADMINISTRATIVE LAW AND PROCEDURE—PSYCHOLOGIST CERTIFICA-
TION.
The administrative procedures act applies to the procedure for
obtaining a psychologist's certification from the superintendent
of public instruction under the psychologist registration act
(CLS 1961, §§ 24.101 et seq., 338.1001 et seq.).

5. EQUITY — INJUNCTION — ADEQUACY OF REMEDY AT LAW — MAN-
DAMUS.
Complaint seeking to enjoin defendant superintendent of public
instruction from interfering with plaintiff's practice of psy-
chology, to declare psychologist registration act unconstitu-
tional, or to compel issuance of certificate of registration was
properly held, not to have conferred jurisdiction on the circuit
court to mandamus such defendant, there having been an ade-
quate remedy at law by way of an appeal under the administra-
tive procedures act ·(CL 1948, § 636.3; CLS 1961, §§ 24.108,
338.1001 et seq.).

6. APPEAL AND ERROR—DISMISSAL—TIME LIMIT.
Plaintiff's complaint seeking to declare psychologist registration
act unconstitutional or to require his certification thereunder,
even if taken as a proceeding for review under the adminis-
trative procedures act, held, properly dismissed, where plaintiff
had failed timely to pursue the course of remedies provided by
the administrative procedures act, having commenced the action
long after the 30-day time limit had expired (CLS 1961, §§ 24-
.101 et seq., 338.1001 et seq.).

7. STATUTES—PSYCHOLOGIST REGISTRATION ACT—PROPER USE OF PO-
LICE POWERS.
The psychologist registration act, as amended, is a proper use
of the police powers of the State (CLS 1961, § 338.1001 et
seq.).

8. STATES—STATUTES—REGULATION OF PROFESSIONS—DELEGATION OF
POWERS.
The State, in the public interest, may provide for the regulation
and certification of professions and may delegate such regula-
tory functions to a State administrative agency.

9 STATUTES—LEGISLATIVE POLICY—POLICE POWERS—PSYCHOLOGISTS.
The legislative policy of the psychologist registration act, a use
of the police powers of the State in the public interest to pro-
vide for the regulation and certification of the profession of
psychology, is apparent from the reasonably prescribed stand-
ards found within the act (CLS 1961, § 338.1001 et seq.).

10. SAME—CONSTITUTIONAL LAW.
  The fact that a statute could have been more detailed does not affect its clear constitutionality.

11. COSTS—PUBLIC QUESTION—REGISTRATION OF PSYCHOLOGISTS.
  No costs are allowed in proceeding to compel superintendent of public instruction to issue certificate of registration as psychologist to plaintiff who was practicing as such at time act regulating psychologists had been passed, a public question being involved (CLS 1961, §§ 24.101 *et seq.*, 338.1001 *et seq.*).

Appeal from Wayne; Canham (James N.), J. Submitted Division 1 April 5, 1966, at Detroit. (Docket No. 1,194.) Decided November 9, 1966. Leave to appeal denied by Supreme Court January 16, 1967. See 378 Mich 748. Leave to appeal and certiorari denied by Supreme Court of the United States October 9, 1967.

Complaint by Wesley G. Nelles against Lynn M. Bartlett, Superintendent of Public Instruction, to enjoin defendant from interfering with plaintiff's practice of psychology and to declare the psychologist registration act unconstitutional, or to certify plaintiff as a consulting psychologist under the act. Trial court dismissed the complaint. Plaintiff appeals. Affirmed.

*S. James Clarkson,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene Krasicky* and *James J. Wood,* Assistant Attorneys General, for defendant.

McGREGOR, J. On December 13, 1960, the plaintiff first applied to the superintendent of public instruction, defendant herein, for certification as a consulting psychologist, under section 8 of the psychologist registration act (PA 1959, No 257 [CLS 1961, § 338.1008, Stat Ann 1959 Cum Supp § 14.677(8)]) which provides for the registration without examination of persons who have experience in practicing

psychology equivalent to certain educational requirements specified in other provisions of the act. Plaintiff's application was denied by defendant. The act made no provision for hearing to determine the eligibility of the applicants for certification under section 8.

Subsequently, PA 1961, No 132 (CLS 1961, § 338-.1008 [Stat Ann 1965 Cum Supp § 14.677(8)]), amended section 8 by inserting a paragraph requiring a hearing as provided under section 10 of the act upon written request of any applicant who had been denied certification under section 8. At such a hearing the defendant requested the plaintiff to furnish further evidence of his alleged qualifications. After plaintiff's attempted compliance with this request, the defendant again denied certification on January 29, 1962.

On March 15, 1962, the plaintiff, in bringing this action in circuit court, alleged that the psychologist registration act violated certain provisions of the Federal and State Constitutions, that the plaintiff practiced as a consulting psychologist for many years prior to the passage of the act, that the defendant denied certification to the plaintiff, and demanded as relief an injunction restraining the defendant from interfering with the plaintiff's practice of psychology, a declaration of the unconstitutionality of the act, and in the event that the act should be found constitutional, an order requiring the defendant to certify plaintiff as a consulting psychologist without examination, under section 8 of the act. The circuit court dismissed the complaint on the grounds that the act was constitutional and that the circuit court lacked jurisdiction to mandamus the superintendent of public instruction. (Former CL 1948, § 636.3 [Stat Ann § 27.2230] and revised judicature act, CLS 1961, § 600.4401 [Stat Ann 1962 Rev § 27A.4401]).

The first question is whether the administrative procedures act (CLS 1961, § 24.101 *et seq.* [Stat Ann 1961 Rev § 3.560(21.1) *et seq.*]) applies to the procedure for obtaining a psychologist's certification from the superintendent of public instruction. The answer is found in the first section of the act:

"Sec. 1.   For the purposes of this act:

(1) 'Agency' means any State board, commission, department, bureau, or officer.  *  *  *

(3) 'Contested case' means a proceeding before an agency in which the legal rights, duties or privileges of a specific party or specific parties are required by law or constitutional right to be determined after an opportunity for an agency hearing." CLS 1961 § 24.101 (Stat Ann 1961 Rev § 3.560 [21.1]).

The State officer entrusted with the administration of the psychologist registration act, the superintendent of public instruction, is an "agency" under the terms of the act. The practice of psychology is a privilege which may be licensed by the State, and a proceeding to obtain such a license is a contested case within the meaning of the language in subdivision 3. Therefore, the administrative procedures act applies.

It is provided in section 8 of the administrative procedures act that a judicial review of the actions of State agencies may be had by the filing of an action in the appropriate circuit court within 30 days after personal service or after the mailing of the final decision of said agency. This action cannot be allowed to stand unless there is reason to excuse plaintiff from the customary rule which requires a party to exhaust his administrative remedies. Plaintiff's complaint, as originally filed, did not even purport to be a petition for review of the administrative decision, but was an outright attack in circumven-

tion of the administrative procedure, since the plaintiff asked for an injunction to restrain the defendant from interfering with the plaintiff's practice of psychology and for an order requiring certification of the plaintiff by the defendant. The circuit court lacked authority to issue mandamus against the superintendent of public instruction. Equitable jurisdiction should not be exercised in this case because the plaintiff has, or had, an adequate remedy at law which was an appeal under section 8 of the administrative procedures act, which specifically allows the circuit court on appeal to consider and decide the constitutionality of the actions brought up for review. *School District of the City of Benton Harbor* v. *State Tenure Commission* (1964), 372 Mich 270. There would be no reason to excuse the plaintiff herein from exhaustion of his administrative remedies since he found it advantageous to pursue them up to the stage at which the administrative procedures act provided for the intervention of the circuit court. Plaintiff could not be heard to claim that following the proper administrative procedure would result in a delay in the adjudication of his rights.

Even if this action were to be taken as a proceeding for review, under section 8 of the act, it was clearly commenced too late to preserve the right to circuit court review. *Boster* v. *County of Wayne* (1944), 308 Mich 554. Since the 30-day time limit had long since expired when the plaintiff commenced this action in circuit court, he failed to pursue properly the course of remedies provided by the administrative procedures act. Dismissal, therefore, was proper. *Braun* v. *County of Wayne* (1942), 303 Mich 454.

The psychologist registration act, *supra*, as amended, is a proper use of the police powers of the State. The State, in the public interest, may provide for the regulation and certification of professions and

may delegate such regulatory functions to a State administrative agency. *Fowler* v. *Board of Registration in Chiropody* (1965), 374 Mich 254. When the act is read as a whole, the legislative policy is apparent from the reasonably prescribed standards seen within the act. *People* v. *Babcock* (1955), 343 Mich 671. The fact that the statute could have been more detailed does not affect its clear constitutionality.

The judgment of the circuit court is affirmed. No costs are awarded because of the public nature of the questions involved.

J. H. GILLIS, P. J., and HOLBROOK, J., concurred.