## ASTA v. DEPARTMENT OF REVENUE.

1. CERTIORARI—ALLEGATIONS IN PETITION—MOTION TO DISMISS.

   Well-stated allegations of fact in an application for a writ of certiorari must be taken as true for the purpose of determining whether or not the denial of a motion to dismiss the writ was proper.

2. SAME—CLAIMED UNCONSTITUTIONAL APPEAL PROCEDURE OF STATUTE.

   A party is not bound to follow appeal procedure set up in the statute which he assails as unconstitutional, hence, he may resort to an independent attack on the statutory proceedings by the use of the writ of certiorari.

3. SAME—FUNCTION OF WRIT.

   The function of the writ of certiorari is to review the jurisdictional validity and errors of law of inferior tribunals and judicial bodies not according to the course of the common law.

4. SAME—CONFISCATION OF ALLEGED CONTRABAND—CONSTITUTIONALITY OF STATUTES.

   The issue as to whether the defendant department of revenue, in exercising a judicial function based upon statutory authority to confiscate alleged contraband cigarettes, was proceeding illegally because the statute creating the judicial authority was unconstitutional was properly determinable by certiorari (CL 1948, § 205.501 et seq., as amended by PA 1951, No·. 78).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 332.
[2–4] 10 Am Jur, Certiorari §§ 5, 11, 13.
[5] 10 Am Jur, Certiorari § 6.

5. SAME—DISCRETION OF COURT.

The writ of certiorari is a discretionary one and its issuance by a court having authority will be upheld in the absence of an abuse of discretion.

6. SAME—ISSUANCE OF WRIT—MOTION TO DISMISS.

The propriety of the issuance of the writ of certiorari is not properly raised on a motion to dismiss.

7. COSTS—CERTIORARI—MOTION TO DISMISS—CONSTITUTIONAL LAW—STATUTES.

No costs are allowed on appeal from the denial of department of revenue's motion to dismiss petition for certiorari filed by party from whom department had taken possession of alleged contraband cigarettes by a proceeding authorized by a statute which petitioner claimed was unconstitutional (CL 1948, § 205.-501 et seq., as amended by PA 1951, No 78).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted October 13, 1953. (Docket No. 66, Calendar No. 45,532.) Decided December 29, 1953.

Certiorari by Dominic Asta against Michigan Department of Revenue to vacate departmental order of confiscation. Motion to dismiss writ denied. Defendant appeals. Affirmed, and remanded for consideration of issues.

*Philip Weiss, Frank H. Finney, Sidney K. Meyer,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara, T. Carl Holbrook* and *William B. Elmer,* Assistants Attorney General, for defendant.

BUTZEL, J. Dominic Asta, plaintiff herein, shipped 218 cases of assorted cigarettes from St. Louis, Missouri, to Detroit, Michigan. Although they were consigned to one Joe Spezia, Asta states in a sworn petition that he and Spezia are one and the same person. The Hancock Trucking Company of Detroit, the carrier, was notified to deliver the cigarettes at a speci-

fied time at the corner of Schaefer road and Raupp
road, located near the outskirts of the city of Detroit.
The truck was driven to the rear of a building at or
near the designated place where Asta and one Frank
Navarro were waiting for it.   They produced evi-
dence of being the representatives of the consignee
named in the freight bill and the driver removed the
truck seal.   Asta and Navarro took possession of the
cigarettes.   After they had transferred 26 cases of
the shipment to a Studebaker Vanette truck, the po-
lice arrived, seized the cigarettes and the truck and
turned them over to the department of revenue, de-
fendant herein, in accordance with the provisions of
the Michigan cigarette tax act, PA 1947, No 265 (CL
1948, § 205.501 *et seq.*), as amended by PA 1951, No
78 (Stat Ann 1950 Rev and Stat Ann 1951 Cum
Supp § 7.411[1] *et seq.*).

Subsection 9(b) of the cigarette tax act, as amend-
ed, *supra,* makes it a felony in certain instances, and
a misdemeanor in others, for an unlicensed person
to be in control or possession of cigarettes contrary
to the provisions of the cigarette tax act.   Asta was
not a licensed person nor were the taxes on the ciga-
rettes paid.   It is claimed by defendant, and the rec-
ord so indicates, that Asta was engaged in what is
frequently termed the "bootlegging" of cigarettes.
Subsection (d) of section 9 of the act, as amended,
*supra,* provides that such cigarettes and the vehicle
containing them are contraband and subject to sei-
zure and forfeiture in accordance with section 9, subs
(e) of the cigarette tax act, as amended.   Subsection
(e) provides:

"Within 5 days after the date of service of the in-
ventory the person from whom the property was
seized or any person claiming an interest in the prop-
erty may file with the commissioner a demand for a
hearing before the commissioner or any person des-
ignated by him for a determination of the question

as to whether the property was lawfully subject to seizure and forfeiture. Such inventory shall also contain a notice to the effect that unless demand for hearing as provided in this section is made within 5 days the property designated therein shall be forfeited to the State. Such person or persons shall be entitled to appear before the department and be represented by counsel and present testimony and argument. After the hearing the department shall render its decision in writing and by order either declare the property seized subject to confiscation and sale by the department or declare the property returnable to the person entitled to possession of the same.

"If any person is aggrieved by the decision of the department, he may appeal only to the circuit court of the county where the seizure was made to obtain judicial determination of the issue of forfeiture. Such action shall be commenced within 20 days after notice of the department's determination is sent to the person or persons claiming an interest in the property seized. The court shall hear the action and determine the issues of fact and law involved in accordance with rules of practice and procedure as in other *in rem* proceedings.

"In the event an appeal is taken from a decision or order of the department to the circuit court of the county where the seizure was made and a judicial determination of the issue of forfeiture cannot be made before deterioration of any of the property seized, the court shall order the sale of such property with public notice as determined by the court, and require the proceeds to be impounded with it until the issue of forfeiture is finally adjudicated."

In accordance with the act, notice of seizure and inventory was served on Asta, together with a notice that he might demand a hearing within 5 days after time of service to determine whether the property was subject to seizure and forfeiture. Asta and Navarro appeared by an attorney who demanded a

hearing in respect to the power and authority of the State of Michigan to make the seizure, asserting that the State had no power under the First and Fourteenth Amendments to the Constitution of the United States and also "under the civil rights act thereof" to make such seizure. A hearing was held before the deputy commissioner and Asta's attorney reasserted the claims on the above constitutional grounds and stressed the fact that the entire procedure had taken place within 30 days or thereabouts after the 1951 amendment, PA 1951, No 78, had been passed by the legislature and signed by the governor, and not 90 days after the final adjournment of the session of the legislature that passed the act, it being claimed that the immediate effect provision of the act was null and void on the ground that the act did not make an appropriation, nor that it was immediately necessary for the preservation of the public peace, health or safety, as provided for in article 5, §§ 1 and 21 of the 1908 Constitution of the State of Michigan. Although Asta's attorney cross-examined the State's witness at the hearing he did not produce any testimony on behalf of Asta. At the conclusion of the hearing, an order was entered determining that the cigarettes and the Studebaker Vanette truck were contraband within section 9(e) of the act and subject to sale in accordance with section 9(f) of the act. By a subsequent stipulation the cigarettes were sold and the proceeds were deposited to await the outcome of the litigation that followed. The Studebaker Vanette truck has also been impounded.

Counsel for Asta applied for a writ of certiorari to the circuit court for the county of Wayne asserting in the application for the writ that the confiscation and forfeiture proceedings taken by the department of revenue were void; that authority for the confiscation and forfeiture purported to arise under, PA 1951, No 78, which was unconstitutionally given

immediate effect. He further alleged that the confiscation was in violation of article 1, §§ 9 and 10, of the Constitution of the United States and in derogation of the Fourteenth Amendment to the Constitution. A writ of certiorari was issued pursuant to an amended application for the writ, the amended application having omitted the objectionable portion of the original writ requesting mandatory relief against the department of revenue. Defendant, department of revenue, thereupon filed a motion to dismiss the writ on many general grounds and included the specific claim that plaintiff had an adequate remedy by appeal as provided within the statute, CL 1948, § 205.509(e), as amended by PA 1951, No 78, § 9(e) (Stat Ann 1951 Cum Supp § 7.411[9] [e]), and that the circuit court was therefore without jurisdiction to review the proceedings of the Michigan department of revenue by writ of certiorari. Section 9(e), as set forth above, provides for an appeal by the aggrieved party in which the court may determine the issues of fact and law. The trial court denied defendant's motion to dismiss and from this denial, leave having been granted, the defendant appeals.

For the purpose of this appeal, well-stated allegations of fact in the application for the writ of certiorari must be taken as true. *Diggs* v. *State Board of Embalmers and Funeral Directors,* 321 Mich 508; *Reed* v. *Civil Service Commission,* 301 Mich 137. Plaintiff alleges the unconstitutionality of the statute under which the defendant proceeded on various grounds but principally that it contravenes article 5, § 21, of the 1908 Constitution of the State of Michigan. Plaintiff claims, as stated above, that the immediate effect clause of the act is null and void and, therefore, he could not appeal under the provisions of the act without recognizing the validity of the act. *Diggs* v. *State Board of Embalmers and*

*Funeral Directors, supra,* is analogous.  In that case we stated:

"In the case at bar plaintiff, as before noted, assails the constitutionality of the statute under which the defendant board has proceeded.  The trial court did not pass on the merits of the claim, and for obvious reasons this Court may not, on the record now before us, undertake to do so.  If plaintiff's position is correct, in other words, if the entire statute is unconstitutional, then the provisions with reference to an appeal from an order of defendant board would necessarily fall with the rest of the act.  It is scarcely logical to say that plaintiff is bound to press a remedy ostensibly granted by the statute the validity of which he assails."

Since under the authority of the *Diggs Case, supra,* plaintiff was not compelled to follow the appeal procedure set up in the statute which he assailed, he proceeded to make an independent attack on the statutory proceedings by the use of certiorari.  The function of the writ of certiorari is to review the jurisdictional validity and errors of law of inferior tribunals and judicial bodies not according to the course of the common law.  *Jackson* v. *People,* 9 Mich 111 (77 Am Dec 491).  The defendant was exercising a judicial function based upon statutory authority.  Plaintiff alleges that the defendant was proceeding illegally because the statute creating the judicial authority was unconstitutional.  This issue could properly be determined by certiorari.

Defendant sets forth several reasons why the writ should not have been granted.  The writ of certiorari is a discretionary one and its issuance by a court having authority will be upheld in the absence of an abuse of discretion.  The propriety of the issuance of the writ is not properly raised on a motion to dismiss.

In *Rowe* v. *Rowe,* 28 Mich 353, this Court stated:

"A motion is made to dismiss the writ of certiorari on 2 grounds: first, because the case is not a proper one for that writ; and second, because it was improvidently granted.

"The first point relates to the merits, and should be considered when the case is argued, and not on this motion. * * *

"Where a writ has been granted by a competent officer, upon a sufficient application, we could not review his discretion in granting it."

The order denying the motion to dismiss is affirmed without prejudice and the cause remanded to the circuit court for the county of Wayne for further consideration of the issues raised by the petition and return, but without costs.

DETHMERS, C. J., and ADAMS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.