DUKESHERER. v. DIRECTOR OF THE DEPARTMENT
OF AGRICULTURE,

JUDGMENT—REFERENDUM—MOOT QUESTION.
  Accelerated judgment against plaintiff who challenged the valid-
    ity of a referendum under the agricultural commodities mar-
    keting act is appropriate where defendant offered evidence
    that the question submitted to referendum had been defeated
    and moved for accelerated judgment for want of a justiciable
    controversy (MCLA § 290.661).

Appeal from Berrien, Chester J. Byrns, J. Sub-
mitted Division 3 March 6, 1969, at Grand Rapids.
(Docket No. 5,685.)  Decided March 27, 1969.

Complaint by Roy Dukesherer against B. Dale
Ball, director of the Department of Agriculture, to
challenge the validity of a referendum under the
agricultural commodities marketing act.  Acceler-
ated judgment for defendant.  Plaintiff appeals.
Affirmed.

*Warner, Norcross & Judd (J. M. Neath, Jr.,* and
*William K. Holmes,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Leo E. Maki,*
Assistant Attorney General, for defendant.

BEFORE: QUINN, P. J., and HOLBROOK and T.
M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
1 Am Jur 2d, Actions § 56; 41 Am Jur, Pleading § 340 *et seq.*

Per Curiam. Plaintiff filed this action in February, 1968, to challenge the validity of a referendum under PA 1965, No 232, § 11 (MCLA § 290.661; Stat Ann 1965 Cum Supp § 12.94[31]) concerning a marketing program under § 3(g) of that act and the constitutionality of the act itself. At the hearing on the return of the order to show cause which issued on the filing of the action, defendant offered evidence that the program involved had been defeated in the referendum and moved for accelerated judgment for want of a justiciable controversy. The trial court granted the motion on the strength of *Hodge v. Pontiac Township Board* (1961), 363 Mich 544; we affirm that decision.

We are cognizant of the fact that there have been situations in which this Court as well as the Supreme Court of this state have heard moot questions where the circumstances were so exceptional as to demand decision, even though that decision was in the nature of a declaratory decree. *Lafayette Dramatic Productions, Inc., v. Ferentz* (1943), 305 Mich 193; *Wattles, ex rel. Johnson,* v. *Upjohn* (1920), 211 Mich 514; *Robson v. Grand Trunk Western R. Co.* (1966), 5 Mich App 90. The possibility of future damage is not so real here as to demand decision. The possibility that the state will attempt another referendum and the likelihood of damage therefrom is not so great here as to require us to cast aside the rule that we will not anticipate situations which may arise, for the exception. See *Taylor v. Auditor General* (1936), 275 Mich 47.

Affirmed.