DUKESHERER FARMS, INC. v DIRECTOR OF THE DEPARTMENT
OF AGRICULTURE

(DUKESHERER FARMS, INC. v BALL)

1. ADMINISTRATIVE LAW—ADMINISTRATIVE PROCEDURES ACT—AGRI-
CULTURAL COMMODITIES MARKETING ACT—CONTESTED CASE.

A controversy between a cherry producer and the director of the
Department of Agriculture over implementation of a marketing
program under the Agricultural Commodities Marketing Act
was a contested case within the meaning of the Administrative
Procedures Act where the plaintiff and other producers re-
ceived notice of a public hearing and attended the hearing and
voiced objection to the proposed program, a record of the
hearing was kept, and the director of the Department of
Agriculture issued his decision; whether the plaintiff insisted
upon or was afforded the full range of his procedural rights
does not preclude a determination that the proceeding was a
contested one (MCLA 24.203[3], 290.660).

2. ADMINISTRATIVE LAW—ADMINISTRATIVE PROCEDURES ACT—AGRI-
CULTURAL COMMODITIES MARKETING ACT—APPEAL AND ERROR.

A plaintiff's challenge to the constitutionality of the Agricultural
Commodities Marketing Act was properly refused by the circuit
court where the appeal procedure to be followed is contained in
the Administrative Procedures Act and the plaintiff failed to
file a timely appeal under that act (MCLA 24.304[1]).

3. ADMINISTRATIVE LAW—APPEAL AND ERROR—COURT RULES—DISCRE-
TION.

A trial court did not abuse its discretion when it denied consider-
ation of a plaintiff's constitutional challenge to the Agricultural
Commodities Marketing Act; the court is not required to enter-
tain the argument where there was substantial delay and the
constitutional challenge was ancillary to the main attack on
the agency action itself (GCR 1963, 521).

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 3 Am Jur 2d, Agriculture §§ 17, 53, 60, 61.

Appeal from Berrien, William S. White, J. Submitted Division 2 February 8, 1974, at Lansing. (Docket No. 16817.) Decided May 30, 1974. Leave to appeal applied for.

Complaint by Dukesherer Farms, Inc., against B. Dale Ball, Director of the Department of Agriculture, for review of agency proceedings and a declaratory judgment. The Michigan Cherry Promotion and Development Committee intervened as a defendant. Judgment for defendants. Plaintiff appeals by leave granted. Affirmed.

*Warner, Norcross & Judd* (by *J. M. Neath, Jr.,* and *Ernest M. Sharpe),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *Arthur E. D'Hondt,* Assistants Attorney General, for defendants.

Before: BRONSON, P. J., and QUINN and VAN VALKENBURG,* JJ.

BRONSON, P. J. Plaintiff, Dukesherer Farms, Inc., appeals on behalf of itself and all other cherry producers in the State of Michigan. We granted plaintiff's application for leave to appeal the entry of accelerated judgments in favor of defendant B. Dale Ball, director of the Michigan Department of Agriculture, and intervening defendant, The Michigan Cherry Promotion and Development Committee.

This controversy has a long history. In March of 1967 the defendant Ball, acting under the authority of the Agricultural Commodities Marketing Act,[1] commenced proceedings to establish a cherry

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] 1965 PA 232, eff. March 31, 1966; MCLA 290.651 *et seq.;* MSA 12.94(21) *et seq.*

promotion and research program. Plaintiff voiced its opposition during the various proceedings and a subsequent referendum submitted to all cherry producers was ultimately voted down in April of 1967. Shortly, in November of 1967, defendant Ball again commenced proceedings to establish a cherry promotion and research program. Plaintiff also opposed the establishment of such a program in these proceedings. The proposed program was again voted down after another referendum.

Plaintiff then took its opposition to court by filing an action against defendant Ball in the Berrien County Circuit Court seeking to enjoin disclosure of the vote and to have the Agricultural Commodities Marketing Act declared unconstitutional. Summary judgment was granted for defendant Ball on the basis that the rejection of the referendum made the controversy moot. This was affirmed by this Court in a per curiam decision on March 27, 1969.[2]

Defendant Ball again commenced implementation proceedings in January of 1972. The procedure taken and the constitutionality of the Agricultural Commodities Marketing Act are presently in issue. The remaining facts will be recounted in discussion of the issue.

The Berrien County Circuit Court, in a well-reasoned opinion, granted defendant's motions for accelerated judgment because plaintiff's petition for judicial review was untimely filed as required by the review provisions[3] of the Administrative

[2] *Dukesherer v Director of the Department of Agriculture,* 16 Mich App 656; 168 NW2d 454 (1969).

[3] The mode of review is codified in MCLA 24.302; MSA 3.560(202), which reads, in pertinent part:

"Judicial review of a final decision or order in a *contested case* shall be by * * * [a] petition for review in accordance with sections 103 to 105." (Emphasis supplied.)

Procedures Act.[4] The act provides that review is to the circuit court in "contested cases" and must be taken within 60 days following the date of mailing notice of the final decision or order of the agency.[5]

After a public hearing on January 31, 1972, at which plaintiff registered objection for himself and other cherry producers, defendant Ball issued his decision on March 3, 1972. This decision called for a referendum vote to be returned no later than March 22, 1972. The vote was in favor of the program and implementation was immediately begun. Plaintiff filed his complaint in circuit court on October 13, 1972. The complaint was filed 224 days after defendant Ball's decision and 205 days after the final vote was due. If plaintiff's action in circuit court was for review of a final decision or order in a "contested case", it was clearly untimely.

The trial court in his opinion granting defendant's motions observed:

"The court has no difficulty in finding that defendant Ball did not follow the mandate of the provisions of the APA in making the requisite findings of fact and conclusions of law as provided by MSA 3.560(185) or the findings as required by MSA 12.94(30)(c). If plaintiff had filed its suit within the time requirements prescribed by MSA 3.560(204), or in the alternative by the requirements prescribed by GCR 705.3, plaintiff's motion for summary judgment would be promptly granted, the referendum would be voided, and the constitutional issues raised by plaintiff's complaint would be moot by virtue of Dukesherer v Director of the Department of Agriculture, 16 Mich App 656 (1969)."

---

[4] Administrative Procedures Act of 1969. MCLA 24.201 et seq.; MSA 3.560(101) et seq.

[5] MCLA 24.304(1); MSA 3.560(204)(1) provides, in part:

"A petition shall be filed in the court within 60 days after the date of mailing notice of the final decision or order of the agency * * * ."

A contested case is defined in the Administrative Procedures Act of 1969 as:

" 'Contested case' means a proceeding, including but not limited to rate-making, price-fixing and licensing, in which a determination of the legal rights, duties or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing. When a hearing is held before an agency and an appeal from its decision is taken to another agency, the hearing and the appeal are deemed to be a continuous proceeding as though before a single agency." MCLA 24.203(3); MSA 3.560(103)(3).

In its complaint the plaintiff alleged that the action was brought pursuant to the Administrative Procedures Act, that plaintiff was an interested party, that plaintiff Dukesherer appeared as a party at the hearing called by defendant Ball and. spoke in opposition to the program and that a final decision was entered by defendant Ball on March 16, 1972. This position was abandoned at oral argument of the motion for accelerated judgment and the plaintiff chose to rely solely on a constitutional attack on the Agricultural Commodities Marketing Act seeking the equivalent of declaratory relief under GCR 1963, 521.

The provisions of § 10 (MCLA 290.660; MSA 12.94[30]), set forth in full in the margin,[6] require the defendant Ball to "give notice of a public

[6] "Sec. 10. (a) Whenever the director has received a petition signed by 25%, or 200, of the producers of an agricultural commodity, whichever is less, for the adoption of a marketing program or amendments to an existing marketing program, he shall give notice of a public hearing on the proposed marketing program or the proposed amendments to an existing marketing program. After receiving a petition for the establishment of a marketing program, the director may appoint a temporary producer committee to develop the proposed program to be considered at the public hearing.

"(b) The director may require all handlers or processors of the agricultural commodity as individuals or through their trade associations to file with him within 30 days a report, properly certified,

hearing" (§ 10[a]) and permit him to require a report "showing the correct names and addresses of all producers". The defendant Ball is then required to "issue a *decision* within 45 days after the close of the hearing"; to base this decision on his *findings* and to give copies of his decision to all *parties of record* appearing at the hearing and any other interested parties. The section further provides that the recommendation of defendant Ball be "substantially within the purview of the notice of hearings" and that it "shall be supported by evidence taken at the hearing or by documents of which the director is authorized to take official notice".

The plaintiff and other producers received notice of the hearing, plaintiff and others attended the hearing and voiced objection, a record was kept and defendant Ball issued his decision in favor of adoption. We do not pass on the substantive compliance with the procedure but note only that the *opportunity* for a fully "contested case" surely existed. By finding this procedure to be a "contested case" within the meaning of MCLA 24.203(3); MSA 3.560(103)(3) of the Administrative

---

showing the correct names and addresses of all producers of the agricultural commodity from whom such handler or processor received such agricultural commodity in the marketing season next preceding the filing of such report.

"The information contained in the individual reports of handlers or processors filed with the director pursuant to provisions of this section shall not be made public by the director, nor available to anyone for private use.

"(c) The director shall issue a decision within 45 days after the close of the hearing based upon his findings, and deliver, by mail or otherwise, copies of the findings and recommendation, approving or disapproving of the proposed program to all parties of record appearing at the hearing and any other interested parties. The recommendation shall contain the text in full of any proposed program or amendment of an existing program. The recommendation shall be substantially within the purview of the notice of hearings and shall be supported by evidence taken at the hearing or by documents of which the director is authorized to take official notice."

Procedures Act we are affirmatively asserting plaintiff's right to insist on the full range of procedural rights afforded to parties in contested cases. See, *e.g.,* MCLA 24.271, *et seq.;* MSA 3.560(171) *et seq.* The fact that plaintiff did not demand these rights or may not have been accorded these rights does not preclude a determination that the proceeding was a contested case. We hold that the proceeding here involved under the marketing act was a contested case within the meaning of the Administrative Procedures Act.

This, however, does not completely determine this appeal. Plaintiff has challenged the constitutionality of the marketing act itself.

The Administrative Procedures Act clearly provides for review of constitutional questions on appeal from decisions of administrative agencies. Section 106 reads, in part:

"Sec. 106. (1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

"(a) In violation of the constitution or a statute.

"(b) In excess of the statutory authority or jurisdiction of the agency." MCLA 24.306(1)(a)(b); MSA 3.560(206)(1)(a)(b).

Thus, had plaintiff proceeded in a timely manner the constitutional arguments now asserted would have been considered. The question we must decide is whether the circuit court properly refused to permit the constitutional attack *in this proceeding.*

In this case the appeal procedure which bars consideration of plaintiff's claim is contained in the Administrative Procedures Act and not in the

Agricultural Commodities Marketing Act, which plaintiff assails as unconstitutional. This is the material difference from *Asta v Department of Revenue,* 338 Mich 505, 511; 61 NW2d 608 (1953), which permitted an appeal by certiorari. In *Asta, supra,* the appeal procedure was in the very statute attacked and it was asserted that to appeal under those provisions would require the plaintiff to recognize the validity of the very act under attack. *Asta, supra,* does not preclude review in this case, but neither does it require it. See: *Craig v Detroit Police Department,* 49 Mich App 599, 602; 212 NW2d 235 (1973).

The constitutional questions may, in the absence of the administrative proceeding, have been raised by action for declaratory judgment under GCR 1963, 521. Again, plaintiff is not barred from raising the constitutional issue within the framework of Rule 521 but neither is the court *required* to entertain the argument. See, generally, 2 Honigman & Hawkins, Michigan Court Rules Annotated, p 687, and *Nelles v Superintendent of Public Instruction,* 5 Mich App 47, 52; 145 NW2d 795 (1966). We do not hold that failure to appeal a final decision in a contested case under the Administrative Procedures Act within 60 days bars consideration of questions raising a challenge to the very statute under which the agency is proceeding.

We do hold, on these facts, where the delay was substantial and the constitutional challenge was actually ancillary to the main attack on the agency action itself, that it was not an abuse of the court's discretion to deny consideration of the constitutional challenge. The trial court had *jurisdiction* to entertain the claim but was not *required* to on these facts.

Affirmed. No costs, a public question being involved.

All concurred.