BISHOP v FARMERS INSURANCE EXCHANGE

Docket No. 65672. Submitted April 19, 1983, at Lansing.—Decided February 23, 1984.

Plaintiff, Kenneth J. Bishop, was struck and injured while he was a pedestrian by a motorcycle owned by Willie Tubbs and operated by Richard C. Tubbs. Willie Tubbs was insured under a policy of liability insurance. A complaint was thereafter filed in the Washtenaw Circuit Court by his next friend, Sophia S. Bishop, which, after an amendment, named as defendants Farmers Insurance Exchange and the Michigan Department of State Assigned Claims Facility. The complaint sought to have the no-fault portion of the Insurance Code which purports to exclude plaintiff and other pedestrians struck by motorcycles from personal protection insurance benefits declared in violation of the Equal Protection and Due Process Clauses of the Michigan and United States Constitutions. Defendant Farmers then brought a motion for summary judgment. The trial court, Ross W. Campbell, J., issued an opinion and order granting the motion. Plaintiff appeals from that order. Following the death of Kenneth J. Bishop, the personal representative of his estate, Sophia S. Bishop, was substituted as the plaintiff in the action. *Held:*

1. There is no denial of equal protection in the distinction contained in the no-fault act between motorcycles and motor

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 354, 363.
Entitlement of child, spouse, parent, or other person to survivor's loss benefit under no-fault insurance acts. 12 ALR4th 975.
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

[2, 6] 7 Am Jur 2d, Automobile Insurance § 353.
What constitutes "private passenger automobile" in insurance policy provisions defining risks covered or excepted. 11 ALR4th 475.
What constitutes a "motor vehicle" covered under no-fault insurance. 60 ALR3d 651.

[3, 5] 16A Am Jur 2d, Constitutional Law §§ 384, 387, 403.

[4, 5] 16A Am Jur 2d, Constitutional Law §§ 404, 746-753.

[5] 16A Am Jur 2d, Constitutional Law §§ 389, 390.

[6] 7 Am Jur 2d, Automobile Insurance § 355.

vehicles wherein benefits are denied to pedestrians injured by motorcycles but not to pedestrians injured by motor vehicles. The exemption of motorcycles from the class of "motor vehicles" is not a violation of equal protection.

2. Actuarial data which indicates that the inclusion of motorcycles in the no-fault system would result in such high insurance premiums that most motorcycle owners would fail to purchase insurance indicates a legitimate governmental interest in excluding motorcycles from coverage under the no-fault act.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — SURVIVOR'S LOSS BENEFITS.

The no-fault insurance act requires an insurer to pay personal protection insurance benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle; personal protection insurance benefits and survivor's loss benefits are recoverable only where the accident involved a *motor vehicle* (MCL 500.3105; MSA 24.13105).

2. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — "MOTOR VEHICLE".

The no-fault insurance act defines a "motor vehicle" to mean a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than two wheels; a "motor vehicle" does not include a motorcycle or a moped (MCL 500.3101[2][c]; MSA 24.13101[2][c]).

3. CONSTITUTIONAL LAW — POLICE POWER — DUE PROCESS.

The test to determine whether legislation enacted pursuant to the police power comports with due process is whether the legislation bears a reasonable relation to a permissible legislative objective.

4. CONSTITUTIONAL LAW — POLICE POWER — EQUAL PROTECTION.

Traditional equal protection analysis of legislation enacted pursuant to the police power dictates that a legislative classification must be sustained if the classification itself is rationally related to a legitimate governmental interest.

5. CONSTITUTIONAL LAW — POLICE POWER — DUE PROCESS — EQUAL PROTECTION.

The challenged legislative judgment is presumed to be constitutional when the courts apply the tests to determine whether

legislation enacted pursuant to the police power comports with due process or equal protection.

6. INSURANCE — MOTORCYCLES — NO-FAULT INSURANCE — "MOTOR VEHICLE" — EQUAL PROTECTION.

The no-fault insurance act's denial of benefits to pedestrians injured by motorcycles, while allowing pedestrians injured by "motor vehicles" to recover benefits, does not violate equal protection requirements; the distinction in the act between motorcycles and motor vehicles in which motorcycles are exempted from the class of "motor vehicles" is a result of the Legislature's determination of a legitimate governmental interest in the exclusion of motorcycles from coverage under the act in order to encourage the purchase of affordable insurance by motorcycle owners (MCL 500.3101, 500.3105; MSA 24.13101, 13105).

*Bishop & Shelton, P.C.* (by *Donald E. Shelton*), for plaintiff.

*Siemion, Huckabay, Bodary & Padilla* (by *Raymond W. Morganti* and *Gerald V. Padilla*), for Farmers Insurance Exchange.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *Warren R. Snyder,* Assistants Attorney General, for Department of State.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and N. J. KAUFMAN,* JJ.

PER CURIAM. On June 22, 1981, plaintiff, Kenneth J. Bishop, by his next friend, Sophia S. Bishop, filed a complaint against defendants Farmers Insurance Exchange and John Doe Insurance Company, seeking to have the no-fault portion of the Insurance Code declared invalid to the extent that it excluded plaintiff from personal protection

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

insurance benefits, and requesting that the court order one of the defendants to pay plaintiff personal protection insurance benefits pursuant to MCL 500.3107; MSA 24.13107. Plaintiff alleged in his complaint that on June 23, 1980, while a pedestrian, he was struck by a motorcycle owned by Willie Tubbs and operated by Richard Craig Tubbs. Willie Tubbs was insured under a policy of liability insurance. Plaintiff suffered severe brain damage in the accident. Plaintiff filed a claim pursuant to MCL 500.3172; MSA 24.13172, and defendant John Doe Insurance Company was the insurer to be assigned plaintiff's claim under the statute. Plaintiff further alleged that the portion of the no-fault act purporting to exclude plaintiff and all other pedestrians struck by motorcycles from personal protection insurance benefits was a violation of the Equal Protection and Due Process Clauses of the Michigan and United States Constitutions. On July 10, 1981, plaintiff filed a first amended complaint, substituting the Michigan Department of State Assigned Claims Facility for defendant John Doe Insurance Company.

On September 17, 1981, defendant Department of State Assigned Claims Facility filed an answer to the first amended complaint. On September 25, 1981, defendant Farmers Insurance Exchange filed a petition for removal of the cause to the United States District Court, Eastern District of Michigan, Southern Division. On that same date, the Washtenaw County Circuit Court file was transmitted to the United States District Court, Eastern District of Michigan. The original of the petition for removal, as well as defendant Farmers' answer to plaintiff's complaint, bond for removal and motion for summary judgment with a brief in support were filed in the United States District Court,

Eastern District of Michigan, by defendant Farmers on September 11, 1981.

On October 5, 1981, plaintiff and defendant Farmers stipulated to remand the case to the Washtenaw County Circuit Court, and an order was entered to that effect on the same day.

On November 16, 1981, defendant Farmers filed a second motion for summary judgment. Oral argument was heard on the motion by the circuit court on January 14, 1982. At that time, the court took the motion under advisement and allowed the parties to submit briefs. On July 1, 1982, the trial court issued an opinion and order granting defendant Farmers' motion for summary judgment. It is from this order that plaintiff presently appeals. On August 16, 1982, the parties filed a stipulation regarding the death of the. plaintiff, Kenneth Bishop.

The issue before the trial court and this Court is:

Does the no-fault act's denial of benefits to pedestrians injured by motorcycles, while allowing pedestrians injured by "motor vehicles" to recover benefits, violate state and federal constitutional requirements of due process?

MCL 500.3101; MSA 24.13101 provides in pertinent part:

"(1) The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall be in effect continuously during the period of registration of the motor vehicle.

"(2) As used in this chapter:

* * *

"(c) 'Motor vehicle' means a vehicle, including a trailer, operated or designed for operation upon a public highway by power other than muscular power which has more than 2 wheels. Motor vehicle does not include a motorcycle or a moped, as defined in section 32b of Act No. 300 of the Public Acts of 1949."

MCL 500.3105; MSA 24.13105 requires an insurer to pay personal protection insurance benefits "for accidental bodily injury arising out of the ownership, operation, maintenance or use of a *motor vehicle"*. (Emphasis added.) Personal protection insurance benefits and survivor's loss benefits are recoverable only where the accident involved a motor vehicle.

Plaintiff here argues that the failure of the no-fault act to provide benefits for pedestrians injured by motorcycles is a denial of due process and equal protection to those individuals. Plaintiff argues that there is no rational basis for separating the class of injured pedestrians into two classifications; those injured by motor vehicles and those injured by motorcycles.

In *Shavers v Attorney General,* 402 Mich 554, 612-613; 267 NW2d 72 (1978), the Supreme Court set forth the applicable due process and equal protection tests:

"The test to determine whether legislation enacted pursuant to the police power comports with due process is whether the legislation bears a reasonable relation to a permissible legislative objective. See *Michigan Canners v Agricultural Board,* 397 Mich 337, 343-344; 245 NW2d 1 (1976).

"The test to determine whether a statute enacted pursuant to the police power comports with equal protection is, essentially, the same. As the United States Supreme Court declared in *United States Dep't of Agri-*

*culture v Moreno,* 413 US 528, 533; 93 S Ct 2821; 37 L Ed 2d 782 (1973):

" 'Under traditional equal protection analysis, a legislative classification must be sustained if the classification itself is rationally related to a legitimate governmental interest.' (Citations omitted.)" (Footnotes omitted.)

The challenged legislative judgment is presumed to be constitutional. *Shavers, supra,* p 613.

In *Shavers,* the Supreme Court found that there was no denial of equal protection in the distinction in the no-fault act between motorcycles and motor vehicles. The Court found the actuarial data in the record, which indicated that the inclusion of motorcycles in the no-fault system would result in such high insurance premiums that most motorcycle owners would fail to purchase insurance, indicated a legitimate governmental interest in excluding motorcycles from coverage under the no-fault act.

In *Underhill v Safeco Ins Co,* 407 Mich 175, 188; 284 NW2d 463 (1979), the Supreme Court reiterated that:

"Although generically motor vehicles, motorcycles are sufficiently distinct from automobiles to be constitutionally singled out for distinct treatment."

The Court in *Underhill* went on to hold that motorcycle operators were eligible for no-fault benefits when involved in a "motor vehicle accident" as defined in the act.

In our opinion, the Supreme Court's holding in *Shavers,* that the exemption of motorcycles from the class of "motor vehicles" is not a violation of equal protection, controls this Court's decision in the present case. Although plaintiff argues that

the exemption violates the equal protection rights of pedestrians rather than motorcycle operators, as in *Shavers,* the classification being attacked is the same. The Supreme Court's previous ruling on the issue is, therefore, dispositive.

Affirmed.